Freeman J.,
delivered the opinion of the court.
This is an action brought to recover for flour damaged by the flood of 1867 while in the care of the railroad at Chattanooga.
Several errors are assigned in the argument for reversal.
1. The court charged it to be the duty of the carrier to use all reasonable care and precaution to provide against extraordinary emergencies. While the abstract proposition thus stated would be sound if understood to mean by the words “provide against” use all reasonable care to meet the emergency when upon *270 the carrier, and to use all reasonable exertions to present loss to the party by injury to his property in the care of the carrier, yet, in connection with the facts of the case, we think they were not so understood, and would not be so understood by the jury, but would, on the contrary, be understood to mean that the party was bound to use all reasonable care to anticipate and provide against an extraordinary ■emergency, such as- the flood by which the property was injured. In other words, the words are used, and could so be understood by the jury in this case, in the sense of an obligation on the company to anticipate by previous preparation for such an extraor-r •dinary emergency as this flood. This is made stronger by the fact that he tells them in another part of his charge that “ the mere fact that the railroad company built her track and depot above all previous high water marks is not sufficient cause to exempt them from liability.”
In this view of the charge, we are bound to hold there was error. The flood was an extraordinary emergency which no human sagacity guided by any of the known principles of human reasoning could have anticipated, and, consequently, could have been able to provide against at all in advance.
We need not notice other objections presented to the charge, which is subject to but little, if any, criticism, further than to say that the objection now taken can not be noticed with reference to the measure of damages, as no request was made by counsel for a more specific charge on this question. We can not *271 reverse in this court, unless there appears positive error in the record. It will not do to let parties stand by without calling the attention of the court to the point, and pass the charge by in silence, and then claim in this court that there was error in a mere failure of the court to mention a point that had escaped his attention, or was overlooked in the haste of a nisi prius trial.
This rule is too old and too well established to be now departed from. Reverse the case, and remand for a new trial.